HARRIS, DIRECTOR, ET AL., APPELLEES, *v.* J.A. SCHULTZ & SON, INC. ET AL., APPELLANTS.

[Cite as Harris *v.* J.A. Schultz & Son, Inc. (1988), 39 Ohio St. 3d 602.]

(No. 87-1511—Submitted June 1, 1988—Decided October 26, 1988.)

*Anthony J. Celebrezze, Jr.,* attorney general, and *Patrick A. Devine,* for appellees.

*Shibley Co., L.P.A., Joseph D. Shibley* and *Gregory J. Shibley,* for appellants.

This cause is dismissed, *sua sponte,* as having been improvidently allowed.

MOYER, C.J., LOCHER, HOLMES, WRIGHT and H. BROWN, JJ., concur.

SWEENEY and DOUGLAS, JJ., dissent.

DOUGLAS, J., dissenting. This case involves the "prevailing wage" law, R.C. 4115.03 through 4115.16. The precise issue involved is whether the statute of limitations found in R.C. 2305.11 is applicable to prevailing wage actions brought under R.C. 4115.10. The court of appeals held that the statute of limitations does not run against an action brought to enforce the prevailing wage law. I agree with the court of appeals and I am distressed that when this court has an opportunity to give added strength to the prevailing wage law, for some reason a majority of the court declines to do so notwithstanding that the case was allowed by a vote of five to two on December 9, 1987, because it involved a matter of "public or great general interest."

Further, this case was brought by James W. Harris, Director of Industrial Relations and the Ohio Department of Industrial Relations, to

enforce the provisions of the prevailing wage law. Given this court's recent ruling in *Ohio Dept. of Transportation* v. *Sullivan* (1988), 38 Ohio St. 3d 137, 527 N.E. 2d 798, a case decided on August 10, 1988, wherein this court held that "[t]he state, absent express statutory provision to the contrary, is exempt from the operation of a generally worded statute of limitations * * * [and] [t]his rule serves the public policy of preserving the public rights, revenues, and property from injury and loss" (citation omitted), it would seem that the majority's decision to "improvidently allow" says more about what type of case is before us rather than the principle of law involved.

Because I do not agree with dismissing this previously allowed case, I respectfully dissent.

SWEENEY, J., concurs in the foregoing dissenting opinion.